UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CIV 17-4002 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| JEFFREY A. NELSON, Individually and as | \* | |
| Trustee of the J.A. Nelson Irrevocable | \* | |
| Trust; BEVERLY A. NELSON; and | \* | |
| The MINNEHAHA COUNTY | \* | |
| TREASURER'S OFFICE, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America commenced this action to reduce to judgment unpaid federal income tax assessments made against Jeffrey A. Nelson, to obtain a judicial determination that the "J.A. Nelson Irrevocable Trust" is a nominee and/or alter ego of Jeffrey A. Nelson, and to foreclose the resulting tax liens. Beverly Nelson, the Minnehaha County Treasurer's Office, and Jeffrey Nelson as Trustee of the J.A. Nelson Irrevocable Trust are named only in Count II, the count to enforce the tax liens, because they may claim an interest in the real property. Jeffrey Nelson and Beverly Nelson move to dismiss the Complaint. The United States resists the motion. For the following reasons, the motion to dismiss will be denied.

## BACKGROUND

The facts, according to the Complaint, are as follows:

Jeffrey and Beverly Nelson, husband and wife, reside in Dell Rapids, South Dakota. Jeffrey Nelson acquired the property described in the complaint on September 22, 1978 and has continuously used it as his personal residence. On or about October 25, 1978, Jeffrey Nelson transferred the property by quitclaim deed to the J.A. Nelson Irrevocable Trust for no consideration.

Jeffrey Nelson has personally paid the Minnehaha County Treasurer real property taxes assessed on the property.

Jeffrey Nelson did not file federal income tax returns for the tax years 2004 through 2011, inclusive. Nelson was given timely notice of the assessments against him each of those years. Nelson owes $152,350.27 in taxes and statutory additions. Notices of federal tax liens were filed against both Jeffrey A. Nelson and the J.A. Nelson Irrevocable Trust. As of November 30, 2016, Jeffrey Nelson owes $152,350.27 in taxes and statutory additions.

## DISCUSSION

In support of their motion to dismiss the complaint, the Nelsons argue the Court does not have subject matter jurisdiction over the claims against them, personal jurisdiction over them is lacking, venue is improper, and Plaintiff has failed a state a valid claim. (Docs. 7 and 11.)

A. <u>Subject Matter Jurisdiction</u>

This Court has subject matter jurisdiction over the claims in this case pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345. Under section 7402, federal district courts have jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 1340 grants original jurisdiction to district courts "of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. Finally, section 1345 provides, in pertinent part: "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. This Court has subject matter jurisdiction over this action brought by the United States as Plaintiff, seeking to enforce a lien arising from an assessment of federal income tax. *See, e.g., United States v. Harvey*, 2013 WL 5604307, at *2 (D.S.D. Oct. 11, 2013) (concluding subject matter jurisdiction existed under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402 over case seeking adjudication of federal tax lien). Accordingly, the Nelsons are not entitled to dismissal of this action for lack of subject matter jurisdiction.

B. <u>Personal Jurisdiction</u>

Jurisdiction exists when a defendant is domiciled in the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (noting that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"). The Nelsons admit they are residents of the State of South Dakota and that the property is located in South Dakota. (Doc. 7, pp. 2 and 8.) The Nelson's mailing address is the same as the property location in Dell Rapids, (docs. 11 and 11-1), and they were served with the summons and complaint at the property in Dell Rapids, South Dakota. (Doc. 6.) Thus, the Nelsons are not entitled to dismissal of this case for lack of personal jurisdiction.

C. <u>Venue</u>

Venue is proper because the Nelsons reside in this district. *See* 28 U.S.C. § 1391(b)(1). Additionally, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the property that is the subject of the action is located in this district. *See* 28 U.S.C. § 1391(b)(2); *see also United States v. Craig*, 1995 WL 55166, *1 (8th Cir. Feb. 13, 1995) (determined venue was proper because the defendant lived in North Dakota where the property subject to the federal tax liens was located). The complaint in this case is not subject to dismissal based on improper venue.

D. <u>Failure to State a Claim</u>

Seeking to dismiss Plaintiff's complaint for failure to state a claim, the Nelsons contend that South Dakota is within the Constitutional Republic (the fifty states), not in the United States (which includes only the District of Columbia and its territories), and thus they are "American Nationals," not subject to federal revenue laws. (Doc. 7 at p. 7.) This argument has been decisively rejected by the Eighth Circuit. *See, e.g., United States v. Gerads*, 999 F.2d 1255, 1257 (8th Cir. 1993) ("[W]e reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (characterizing taxpayer's claim he is not subject to federal tax laws as citizen of "Republic of Idaho" as "patently frivolous" and rejecting the contention "without

expending any more of this Court's resources" on discussion). *See also United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (describing taxpayer's claim he is a citizen of the "Indiana State Republic" and not a citizen of the United States as "incorrect" and a "shop worn argument of the tax protester movement").

>The Tenth Circuit has held that
>
>As the cited cases, as well as many others, have made abundantly clear, the following arguments ... are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, *modified*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti–Injunction Act is invalid.
>
>To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). This Court agrees with the Tenth Circuit in *Lonsdale*, and rejects all other tax protester arguments raised by the Nelsons in the present case. Despite the Nelsons' belief to the contrary, they are required to pay income taxes, and their arguments deserve no further consideration. *See Crain v. Comm'r of Internal Revenue*, 737 F.2d

4

1417, 1417 (5th Cir.1984) (per curiam) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit").

The Nelsons threaten to sue the Department of Justice, or the attorney for the Department of Justice, if the Court denies the motion to dismiss this case. (Doc. 11 at p. 11.) There is no basis for such a lawsuit because the Nelsons' tax protester arguments are frivolous. In *Coleman v. Comm'r of Internal Revenue*, 791 F.2d 68 (7th Cir. 1986), the Seventh Circuit imposed sanctions in the amount of $1,500 against tax protester plaintiffs who raised frivolous arguments. The Seventh Circuit stated, in part:

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. . . . An obtuse belief–even if sincerely held–is no refuge, no warrant for imposing delay on the legal system and costs on one's adversaries. The more costly obtuseness becomes, the less there will be.

*Id.* at 72. For all of these reasons,

IT IS ORDERED that the Motion to Dismiss of Defendants Jeffrey A. Nelson and Beverly A. Nelson, Doc. 7, is denied.

Dated this 8th day of August, 2017.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)         DEPUTY