UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV 17-4002 |
| Plaintiff, | * | |
| -vs- | * | |
| JEFFREY A. NELSON, Individually and as Trustee of the J.A. Nelson Irrevocable Trust; BEVERLY A. NELSON; and The MINNEHAHA COUNTY TREASURER'S OFFICE, | * | ORDER DENYING MOTION FOR RECONSIDERATION |
| Defendants. | * | |

On May 8, 2018, a hearing was held to determine Beverly Nelson's interest, if any, in the real property listed in the Complaint. The United States appeared by counsel, Natalie Loebner. Defendants Jeffrey Nelson, Beverly Nelson and the Minnehaha County Treasurer's Office did not appear in person or by counsel. The United States submitted evidence showing that Jeffrey Nelson holds title to the property. The United States admitted that, for purposes of these proceedings, Beverly Nelson is a non-delinquent taxpayer.

At the conclusion of the May 8 hearing, the Court ordered the United States to submit a brief regarding the issues whether South Dakota law provides Beverly Nelson with an interest in the subject property, including a homestead interest, and whether her interest, if any, would prohibit foreclosure on the property or would entitle Beverly Nelson to some proceeds from sale of the

property. (Doc. 36.) The Court directed the United States to include an analysis of the *Rodgers* factors.[1] *See United States v. Rodgers*, 461 U.S. 677, 710-11 (1983).

On May 14, 2018, the United States submitted its post-hearing brief. (Doc. 37.) The United States agreed that Beverly Nelson has a homestead interest in the property and admitted that her possessory interest in the property should be considered by the Court in deciding whether to allow a forced sale of the property under 26 U.S.C. § 7403. The United States argued, however, that Beverly Nelson should not be compensated for the loss of her homestead interest because, under South Dakota law, a homestead interest is not a vested property right.

On May 25, 2018, after analyzing the factors set forth by the Supreme Court in *Rodgers*, this Court ruled that the United States should be allowed to force a sale of the property. (Doc. 40.) The ruling was based in large part on the determination that Beverly Nelson could be fully and fairly compensated for the loss of her homestead interest out of the proceeds of the sale. The Court directed the parties to submit briefs regarding the value of Beverly Nelson's homestead interest, and recommendations for distribution of the proceeds from the sale.

Subsequently, the United States filed the pending motion for reconsideration. (Doc. 41.) The United States argues that Beverly Nelson is not entitled to any compensation for her homestead interest because it is not a vested property right. (Doc. 41.)

---

[1] Those factors are: (1) the extent to which the Government's financial interests would be prejudiced if it were limited to a forced sale of the partial interest of the party actually liable for the delinquent taxes; (2) whether the third party with the nonliable separate interest would, in the normal course of events, have a legally recognized expectation that the separate property would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the likely prejudice to the third party; and (4) the relative character and value of the liable and nonliable interest in the property. 461 U.S. at 710–11.

2

The United States attempts to distinguish *Rodgers* by arguing that the non-delinquent spouse's interest in *Rodgers* was compensable out of sale proceeds because it was a vested property right under Texas law, but Beverly Nelson's homestead interest is deemed a privilege under South Dakota law and not a vested property right. Thus, unlike in *Rodgers*, Beverly Nelson is not entitled to compensation for her homestead interest. (Doc. 42 at 3-4.) Having closely scrutinized *Rodgers*, this Court disagrees.

In *Rodgers*, the government filed suit under 26 U.S.C. § 7403(a) to foreclose its lien on the delinquent taxpayer's property, and his wife argued foreclosure could not occur because she continued to hold a homestead interest in the property. *Rodgers*, 461 U.S. at 687–88. The Fifth Circuit ruled that the United States could not foreclose tax liens against homestead property "for as long as the nontaxpayer spouse maintains his or her homestead interest under state law." *United States v. Rodgers*, 649 F.2d 1117, 1125 (5th Cir.1981) (footnote omitted). The Supreme Court reversed, and held that: (1) federal tax liens may attach to property that cannot be unilaterally alienated; (2) § 7403 allows the government to seek, and the district court to order, the judicial sale of such property; and (3) if the property is sold, the nondelinquent spouse must receive complete compensation of her interest from the proceeds of the sale. *Rodgers*, 461 U.S. at 680.

State law governs whether a property interest exists but "federal law governs the consequences that attach to property interests." *Rodgers*, 461 U.S. at 702 n. 31. *Rodgers* discusses state homestead law, which happened to be Texas law in that case. The Court concluded that the effect of provisions in the Texas Constitution "is to give each spouse in a marriage a separate and undivided possessory interest in the homestead, which is only lost by death or abandonment, and which may not be compromised either by the other spouse or by his heirs." *Id.* at 685. Noting that analogies are "somewhat hazardous in this area," *id.* at 685-686, the Court stated that the Texas homestead laws have the effect of reducing the underlying ownership rights in a homestead property to something akin to an undivided life estate in the property." *Id.* at 686. "[T]he Texas homestead right is not a mere statutory entitlement, but a vested property right." *Id.* "As the Supreme Court of

3

Texas has put it, a spouse 'has a vested estate in the land of which she cannot be divested during her life except by abandonment or a voluntary conveyance in the manner prescribed by law." *Id.*

South Dakota homestead laws have the same effect as Texas homestead laws, giving both spouses an independent interest in the homestead property.[2] The South Dakota Supreme Court has described the nature of the homestead interest:

> The land in which the owner has a homestead interest may be conveyed by deed or pass by will, or under the statutes of succession. But the homestead interest does not pass as an incident to the land; and, if the party acquiring such property becomes vested with a homestead interest founded on the title so obtained, it vests by reason of possession and use and occupancy as a homestead, under the general statute. The source of the title is immaterial.
>
> ....
>
> [T]he Legislature, in effect, has said that neither the deceased spouse nor the adult heirs shall deprive the surviving spouse of a homestead right in what had formerly been the family homestead. Yet it leaves to the surviving spouse the power to determine whether or not such homestead right shall be retained or abandoned.

*Gross v. Gross*, 491 N.W.2d 751, 753 (S.D. 1992) (quoting *Bailly v. Farmers' State Bank of Sisseton*, 150 N.W. 942, 944 (S.D. 1915). "This Court has also noted that 'the homestead law was passed for the express purpose of making it impossible for the husband, or the wife, if the title to the homestead is vested in her, to alienate or otherwise dispose of the homestead without the concurrence of the other spouse.'" *Gross*, 491 N.W.2d at 753 (quoting *O'Neill v. Bennett*, 181 N.W. 97, 99 (1921); SDCL 43-31-9).

---

[2] South Dakota law provides:
> Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age.

SDCL § 43-31-13.

4

In support of its argument that Beverly Nelson is not entitled to compensation for her homestead interest, the United States relies on language describing a South Dakota spouse's homestead interest as a "privilege."

> The right of homestead is not, under the laws of this state, an estate in land, but is a mere privilege granted by the Legislature in fulfilling the constitutional mandate of section 4, art. 21, and consists of the right of occupancy given to the surviving spouse and minor children and does not pass by succession, showing clearly that when the need for protection for the family ceases, then there is no longer any reason for the homestead. The homestead exemption is therefore temporary and exists only so long as the conditions prevail under which it was allowed by the homestead law. In this case the homestead right died with the owner, Joseph A. Clouse, for the record discloses that he was survived by neither wife nor any minor children. *Bailly et al. v. Farmers' State Bank*, 35 S.D. 122, 150 N.W. 942.[3]

*Speck v. Anderson*, 318 N.W.2d 339, 344 (S.D. 1982) (quoting *In re Clouse's Estate*, 257 N.W. 106 (1934). To be sure, a surviving spouse's interest in a homestead is "not easily defined." *Wells v. Sweeney*, 94 N.W. 394 (S.D. 1903). "It is useless to speculate as to what kind of an estate the widow's homestead right, as it is called, in this statute is, or as to how it should be classified. It is sufficient that it is accompanied by actual and exclusive possession that cannot be disturbed . . . ." *Id.* However, just as Texas law did for the spouse in *Rodgers*, South Dakota law allows Beverly Nelson to count on being able to live in her home all of her life if she survives Jeffrey Nelson. In both States each spouse—regardless of whether one or both owns the fee interest—has a separate and undivided possessory interest in the homestead, which is only lost by death or abandonment, and may not be compromised by either spouse, or his or her heirs, and which, in effect, is an interest akin to an undivided life estate in the property.

---

[3] Article XXI, § 4 of the South Dakota Constitution provides:
> The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

The *Rodgers* Court rejected the argument that property rights of a nondelinquent spouse, as defined by state law, can defeat the enforcement of a federal tax lien:

> If § 7403 is intended, as we believe it is, to reach the entire property in which a delinquent taxpayer has or had any "right, title, or interest," then state-created exemptions against forced sale should be no more effective with regard to the entire property than with regard to the "right, title, or interest" itself. No exception of th[is] sort ... appears on the face of the statute, and we decline to frustrate the policy of the statute by reading such an exception into it.

*Id.* at 701 (citations and footnote omitted). The Court ruled that 26 U.S.C. § 7403 permits a federal district court to order the sale of a homestead in which a delinquent taxpayer had an interest even if the taxpayer's non-delinquent spouse had a homestead right in the property. The Court further determined that the judicial sale provisions in § 7403 do not violate the Due Process Clause of the Fifth Amendment because "[t]o the extent that third-party property interests are 'taken' in the process, § 7403 provides compensation for that 'taking' by requiring that the court distribute the proceeds of the sale 'according to the findings of the court in respect to the interest of the parties and of the United States.'" *Rodgers*, 461 U.S. at 697–98. The Court held that "[w]hatever property rights attach to a homestead under Texas law are adequately discharged by the payment of compensation, and no further deference to state law is required, either by § 7403 or by the Constitution." 461 U.S. at 702.

This Court believes that Congress in enacting § 7403 and the *Rodgers* Court in interpreting it, both intended someone in Beverly Nelson's position to be justly compensated for the loss of her homestead interest regardless of the label placed on that interest. As stated by the Supreme Court in *Rodgers*:

> The provisions of § 7403 are broad and profound. Nevertheless, § 7403 is punctilious in protecting the vested rights of third parties caught in the Government's collection effort, and in ensuring that the Government not receive out of the proceeds of the sale any more than that to which it is properly entitled. Of course, the exercise in any particular case of the power granted under § 7403 to seek the forced sale of property interests other than those of the delinquent taxpayer is left in the first instance to the good sense and common decency of the collecting authorities. 26 U.S.C. § 7403(a). We also explore in Part IV of this opinion the nature of the limited discretion left to

6

the courts in proceedings brought under § 7403. But that the power exists, and that it is necessary to the prompt and certain enforcement of the tax laws, we have no doubt.

*Rodgers*, 461 U.S. at 699–700. Nothing in *Rodgers* or any of the other cases cited by the United States suggests that federal law would treat a South Dakota spouse's interest in the homestead differently than that of a spouse residing in Texas or any other state with similar homestead laws. This Court is not convinced that the principles underlying the holding in *Rodgers* change depending on the label a state places on a spouse's homestead interest. A contrary rule would be untenable because it would enable the United States to take without compensation homestead rights comparable to those in *Rodgers* for which the Supreme Court required compensation in order to avoid a taking under the Due Process Clause of the Fifth Amendment. *See Rodgers*, 461 U.S. at 697–98.

The United States is a creditor, albeit a preferred creditor. The Eighth Circuit recognized the homestead exemption in a spouse in bankruptcy proceedings with a mortgage creditor's claim. *Rohl v. McCullough*, 34 F.2d 268 (8th Cir. 1929), cited in *Hughes*, 244 B.R. 805, 811 (Bankr. D.S.D. 1999) (regarding judgment creditor). In those cases the homestead exemption moved from $5,000.00 to $30,000.00 with the current exemption being $60,000.00. *See* SDCL § 43-45-3(2). In the event a South Dakota homestead is sold, either voluntarily or involuntarily, proceeds of up to $60,000 remain exempt for one year following the owner's receipt of the proceeds. *Id.* Where the owner is seventy years of age or older, or for his or her unremarried surviving spouse, the exemption amount is $170,000. *Id.* Creditors can enforce their liens only to the extent that the property value is in excess of the exemption amount. *See* SDCL § 21-19-2

"'[P]roperty' has never had a single, fixed meaning." *Patterson v. Portch*, 853 F.2d 1399, 1404 (7th Cir. 1988) (holding that position of tenured professor at a state university gave rise to a protected property interest under the Due Process Clause of the Fourteenth Amendment). Discussing the nature of property and property rights in *Patterson*, Judge Posner noted that "property under the due process clause is any interest to which a government has given someone an entitlement." *Id.* at

7

1405 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577–78 (1972)). Although South Dakota courts have referred to a spouse's possessory homestead interest as a privilege, *Rodgers* gives this Court grounds to conclude that each spouse's homestead interest is protectable property in a constitutional takings sense. Accordingly,

IT IS ORDERED:

1. That the United States' motion to alter or amend judgment, doc. 41, is denied.

2. That within 20 days from the date of this Order the United States shall submit a brief regarding the valuation of Beverly Nelson's homestead interest.

3. Beverly Nelson shall submit a responsive brief within 20 days of receipt of the United States' brief.

4. The United States shall file a reply brief within 10 days of receipt of Beverly Nelson's brief.

Dated this 3rd day of July, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
(SEAL)      DEPUTY