UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CIV 17-4002 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER |
| JEFFREY A. NELSON, Individually and as Trustee of the J.A. Nelson Irrevocable Trust; BEVERLY A. NELSON; and The MINNEHAHA COUNTY TREASURER'S OFFICE, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On May 8, 2018, a hearing was held to determine Beverly Nelson's interest, if any, in the real property listed in the Complaint. The United States appeared by counsel, Natalie Loebner. Defendants Jeffrey Nelson, Beverly Nelson and the Minnehaha County Treasurer's Office did not appear in person or by counsel. The United States submitted evidence showing that Jeffrey Nelson holds title to the property. The United States admitted that, for purposes of these proceedings, Beverly Nelson is a non-delinquent taxpayer.

At the conclusion of the May 8 hearing, the Court ordered the United States to submit a brief regarding the issues whether South Dakota law provides Beverly Nelson with an interest in the subject property, including a homestead interest, and whether her interest, if any, would prohibit foreclosure on the property or would entitle Beverly Nelson to some proceeds from sale of the property. (Doc. 36.) The Court directed the United States to include an analysis of the *Rodgers*

factors.[1] *See United States v. Rodgers*, 461 U.S. 677, 710-11 (1983). The Nelsons were also directed to brief those issues, but they did not do so.

On May 14, 2018, the United States submitted its post-hearing brief. (Doc. 37.) The United States agreed that Beverly Nelson has a homestead interest in the property and admitted that her possessory interest in the property should be considered by the Court in deciding whether to allow a forced sale of the property under 26 U.S.C. § 7403. The United States argued, however, that Beverly Nelson should not be compensated for the loss of her homestead interest because, under South Dakota law, a homestead interest is not a vested property right. The Nelsons did not respond to these arguments.

On May 25, 2018, after analyzing the factors set forth by the Supreme Court in *Rodgers*, this Court ruled that the United States should be allowed to force a sale of the property. (Doc. 40.) The ruling was based in large part on the determination that Beverly Nelson could be fully and fairly compensated for the loss of her homestead interest out of the proceeds of the sale. The Court directed the parties to submit briefs regarding the value of Beverly Nelson's homestead interest, and recommendations for distribution of the proceeds from the sale.

Subsequently, the United States filed a motion for reconsideration, arguing that Beverly Nelson is not entitled to any compensation for her homestead interest because it is not a vested property right. (Doc. 41.) The Court denied the motion and ordered the United States to submit a

---

[1] Those factors are: (1) the extent to which the Government's financial interests would be prejudiced if it were limited to a forced sale of the partial interest of the party actually liable for the delinquent taxes; (2) whether the third party with the nonliable separate interest would, in the normal course of events, have a legally recognized expectation that the separate property would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the likely prejudice to the third party; and (4) the relative character and value of the liable and nonliable interest in the property. 461 U.S. at 710–11.

brief regarding the valuation of Beverly Nelson's homestead interest, and allowing the Nelsons to respond. (Doc. 47.) The United States filed a brief, doc. 50, but the Nelsons did not file a response.

In its brief, the United States argued that South Dakota's homestead exemption in the amount of $60,000 is the best way to value a homestead interest. In support of its argument, the United States cited *Kim v. Dome Entertainment Center, Inc.*, 748 F.3d 647 (5th Cir. 2014). A close reading of *Kim* does not support the proposition that the state homestead exemption is the best way to value a homestead interest. In *Kim*, a bankruptcy case, Mr. Kim claimed an unlimited homestead exemption under Texas law and 11 U.S.C. § 522(b)(3)(A) for the home the Kims purchased. Following Dome's objection, the bankruptcy court limited the exemption to $136,875 under § 522(p)—the provision adopted by Congress to override state law allowing for full exemptions of property in a bankruptcy proceeding due to homestead interests if the property was acquired within the 1215-day period preceding the date the petition was filed. Mr. Kim then sought a declaratory judgment in the bankruptcy court to determine Mrs. Kim's rights and claims by virtue of her separate homestead interest under Texas law and 11 U.S.C. § 541. The bankruptcy court granted partial summary judgment for Dome, holding that Mrs. Kim did not have "a separate and distinct exempt homestead interest in the property that would entitle her to compensation or to prevent the sale of the Property." *In re Kim*, 405 B.R. 179, 188 (N.D. Tex. Bankr. 2009). The Kims appealed.

The district court upheld the bankruptcy court's summary judgment, concluding that Mrs. Kim's homestead interest did not prevent the property from being subject to § 522(p) and that her homestead interest was not a property right that would entitle her to compensation after the forced sale of the residence. *See Kim v. Kim*, 2010 WL 11583180, *5 (N.D.Tex. Aug. 11, 2010).

On appeal, the Fifth Circuit clarified that a homestead interest may constitute a vested property right, and that a non-debtor spouse could be entitled to compensation from the sale of a property to which a homestead right attaches. *Kim*, 748 F.3d at 657 ("Dome argues, and the district court held, that based on the decision of our court in *In re Rogers*, Mrs. Kim's homestead rights are not a vested economic interest in the residence, and therefore, she is not entitled to compensation in

3

the event of a forced sale. Dome and the district court misunderstand the holding in *Rogers*.") The Fifth Circuit recognized that Mrs. Kim had "a possessory interest in the real property by virtue of its homestead character." *Id.* at 661. The court noted, however, that the Kims "offered no insight" about the valuation of the homestead interest other than to argue Mrs. Kim should be compensated in accordance with the hypothetical in *Rodgers*. *Id.* at 662–63. Accordingly, the Fifth Circuit affirmed the district court's judgment, concluding that the Kims failed to adequately brief whether "the determination by Congress to permit an exemption of $136,875 for a debtor such as Mr. Kim would not be just compensation for Mrs. Kim's homestead interest since $136,875 in proceeds would be impressed with her homestead rights." *Id.* at 663.

Had the Kims offered some insight into the value of Mrs. Kim's homestead interest, it is possible that the Fifth Circuit would have compensated her with more than the $136,875 Mr. Kim received for his homestead interest in accordance with the bankruptcy law. The *Kim* decision does not support the United States' position that Beverly's homestead interest should be valued at $60,000 based on the South Dakota homestead exemption, and this Court was unable to find any authority supporting that proposition.

An earlier decision from the Fifth Circuit is more applicable here. *See Harris v. United States*, 764 F.2d 1126, 1130 (5th Cir. 1985). In *Harris*, the husband incurred a payroll tax liability and on June 2, 1979, the IRS filed a lien. On July 13, 1979, the wife was awarded the home by a judgment in a divorce proceeding. She later sold her home and the IRS wanted payment. The wife argued that she should be entitled to a life estate equivalent based on the single life tables and, alternatively, one-half of the proceeds because the house had been community property.

The Fifth Circuit explained in detail the components of ownership of a Texas homestead interest by a delinquent taxpayer and his non-liable spouse. *Harris*, 764 F.2d at 1129–32. First, each spouse owns a joint homestead interest, which is the economic equivalent of a joint life estate. *Id.* at 1131. Second, each spouse owns a contingent homestead interest or life estate, which would become a possessory interest in favor of the surviving spouse. *Id.* Finally, each spouse jointly owns

4

the remainder interest in the property. *Id.* Under *Rodgers*, only the homestead interest of the non-liable spouse is protected and thus compensable upon foreclosure and sale. *Id.* The IRS is thus entitled to the value of the taxpayer spouse's interest in the homestead to the extent of its lien and to the remainder interest in the property at the time of the termination of the non-liable spouse's life estate. *Id.* The court in *Harris* further explained that "[w]e see no reason . . . to depart from the use of the Treasury tables in determining the value of [the] homestead estate," given that "their use in determining the present value of future interests in property has been long recognized and approved by the Supreme Court." *Id.* at 1130-31. The court held that, because both spouses were still alive, their interests should be decided based on the two life table, not the single life table as in *Rodgers* where only one party to the marriage was alive at the time of the foreclosure.[2]

This Court found instructive a case from the Western District of Texas that applied *Harris*. *See United States v. Caraway*, 2008 WL 2510668 (W.D. Texas April 24, 2008). Both parties had used the joint-life treasury tables to value the non-liable wife's homestead interest, but they came up with different numbers. *Id.* at *7. Neither party had presented the district court with information about their calculations, so the court asked for further briefing. *Id.* The United States filed a brief explaining that a homestead interest under Texas law is akin to a life estate. It submitted a declaration and calculations of a senior actuary with the IRS regarding how he computed the homestead interest of an innocent spouse of a delinquent taxpayer.[3]

---

[2] At least two other circuit courts have held that district courts must use actuarial evidence to determine the value of the non-liable spouse's homestead interest in the property. *See Pletz v. United States*, 221 F.3d 1114 (9th Cir. 2000); *United States v. Cardaci*, 856 F.3d 267 (3d Cir. 2017).

[3] Copies of the United States' brief in *Caraway*, and the declaration of the actuary who performed the calculations, are attached to this Order.

5

The United States has the ability to have an IRS actuary prepare a valuation of Beverly Nelson's homestead interest as akin to a life estate,[4] just as was done in *Caraway*.[5] When the United States submits the valuation, it should explain the discount rate used and why that rate was used. Accordingly,

IT IS ORDERED:

1. That within 20 days from the date of this Order the United States shall submit a brief and an actuarial report computing the value of Beverly Nelson's homestead interest. The United States must explain the discount rate used and why that rate was used in the computation.

2. The Nelsons shall submit a responsive brief within 20 days of receipt of the United States' brief.

3. The United States shall file a reply brief within 10 days of receipt of the Nelsons' brief.

Dated this 18th day of March, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

---

[4] A life estate is somewhat more valuable than a homestead interest, as among other differences, a homestead interest can be abandoned. The differences are not great in value and cannot be accurately quantified.

[5] There is no evidence in the record regarding the value of the Nelson residence. According to the Minnehaha County Treasurer, the assessed value was $224,351 on September 13, 2018.